ROUSE, HEMPSTONE & CO. *et al. v.* FRANK & CO.

On a contest between mortgagees of a common debtor, the finding of the judge as to whether the oldest mortgage was fraudulently procured and executed to hinder and delay creditors, was not erroneous, under the facts.

March 10, 1890.

Liens. Debtor and creditor. Fraud. Before Judge BOWER. Decatur superior court. May term, 1889.

Frank & Co. had a mortgage made to them by Sutton, covering the entire stock of goods in his store, dated March 6, 1889, to secure a promissory note for $1,430.55 due September 15, one for $1,275.30 due October 1, and one for $700 due November 1, 1889, each stipulating for interest and attorney's fees; also a contract of the same date, by which Sutton agreed to transfer to them

all the notes and accounts due to him, subject to the lien of a mortgage to McIntyre. Rouse, Hempstone & Co., Lancheiner & Sons and Frank & Addler had mortgages made by Sutton on the stock of goods in his store, dated April 8 and 9, 1889. These three firms, on March 10, 16 and 30, 1889, had sued Sutton on accounts due by him to them. By agreement between Sutton and all these creditors, his stock of goods was sold for $5,500, its full value, and of this amount $3,750 were paid to the McIntyre mortgage, and the balance was held up by a receiver appointed by the court, subject to order, each party to have his rights settled by the court according to priority of lien, and each to have the right to attack the lien of any of the others. The three firms holding the junior mortgages petitioned that the amount held by the receiver be paid to them, claiming that the mortgage to Frank & Co. was fraudulently procured and executed for the purpose of hindering and delaying Sutton's creditors. On the hearing, after the introduction of the papers above referred to, Sutton testified that Hawes, attorney for Frank & Co., and one Hecht, of that firm, asked him to give them a mortgage to secure the debt he owed Frank & Co.; that he did not like to do so, as he had promised Russell, attorney for the junior mortgage creditors, not to give any mortgages, Russell having said he would sue Sutton on the claims he had against him and obtain judgment; and that Hawes then said that if Sutton did not give the mortgage or secure the claim of Frank & Co. in some way, he would be compelled to take legal steps and would close him up to secure his clients. Sutton said he had been told by a lawyer that, the McIntyre mortgage being over him, the court would not grant an order to close him up, and his creditors could not reach him, and asked Hawes if they could close him up with the McIntyre mortgage against him. Hawes told him they

could, unless McIntyre's mortgage was sufficient to cover all he had. Sutton then agreed to give the mortgage to Frank & Co., but after it was written declined to sign it. Hecht told him that if he would give the mortgage, Frank & Co. would furnish him with $700 more of goods, that amount to be in the mortgage, and that this would keep off other creditors and Sutton could keep on with his business. Hoping that this would enable him to continue, Sutton signed the mortgage, his only inducement to do so being that he was to get the goods; he did not give it to defraud or to hinder and delay creditors. He never applied to Frank & Co. for goods, but wrote to another firm some of the members of which were members of the firm of Frank & Co., and they declined to furnish him goods. He wrote to Hecht to come up; and after talking over the business, Hecht advised him to close it out, which he agreed to do.

Hecht and Hawes testified substantially to the same effect; and also that the mortgage to Frank & Co. was *bona fide* and made with no design to hinder, delay and defraud creditors. Hecht testified that Sutton asked him if he could be closed up with the McIntyre mortgage against him; Hecht replied that he thought so, unless the mortgage was sufficient to take all he had, but if there were valid mortgages against him sufficient to take all he had, he (Hecht) did not think he could be closed up by outside creditors. Also that when he came back to see Sutton after the mortgage to Frank & Co. was given, he and Sutton and the person to whom the stock of goods was sold, went over the business and found that the notes and accounts were worth not over $2,000 and the stock of goods not over $3,500; whereupon Hecht advised Sutton to close up the business, he agreed to do so, and the sale was made as above stated.

v 84-40

The judge decided in favor of Frank & Co.; and the junior mortgagees excepted.

D. A. RUSSELL and O. G. GURLEY, for plaintiffs in error.

DONALSON & HAWES, *contra.*

SIMMONS, Justice.

This was a money rule, and it was agreed by the parties that the trial judge should pass upon the law and the facts without the intervention of a jury. Those facts will be found in the official report of the case, The judge, after hearing the facts and the argument. awarded the money to Frank & Co., to which judgment the plaintiffs in error filed their bill of exceptions, and assigned as error that "the court erred, under the facts and circumstances herein set out, in not awarding the said fund to movants." We have carefully read the evidence sent up in the record, and cannot say that the court erred in its judgment in awarding the money to Frank & Co. There seems to have been a struggle between the creditors of Sutton as to which one should get a mortgage upon his stock of goods. Plaintiffs in error tried him first and failed. Frank & Co. were successful, and obtained the mortgage upon which the court awarded them the money. The other creditors attacked the mortgage upon the ground that it was made to hinder and delay the creditors of Sutton, because Frank & Co. agreed with Sutton that if he would give them the mortgage, they would furnish him other goods to the amount of $700. The court, sitting as a jury, passed upon this question and found that this mortgage was not made for the purpose of hindering and delaying the other creditors of Sutton, and we cannot say, under the facts of this case, that his finding was erroneous. It seems to have been simply an inducement on the part of Frank & Co. to Sutton to get

him to make the mortgage.   Under certain circumstances, it may be a very proper thing for a creditor to offer to furnish other goods to his debtor in order to induce the debtor to secure his past indebtedness, and in order to allow the debtor to go on with his business so that he might be enabled to pay his creditors' demands. Of course, it greatly depends upon the intention of the parties at the time the mortgage was taken—whether they acted in good faith, or whether it was done to hinder or delay other creditors.   The court, acting as a jury in this case, having found that it was not done to hinder or delay the other creditors of Sutton, we affirm his judgment.

It was also contended that the fact that Sutton inquired of Hawes and Hecht whether he could be " closed up " or not if the McIntyre mortgage did not cover all his property, and was told that he could be, and that thereupon he gave the mortgage to Frank & Co., showed that this last mortgage was made to hinder and delay the other creditors, because the two mortgages covered all his property, and deprived other creditors from filing petitions for the purpose of placing his property in the hands of a receiver, etc.   This theory doubtless was considered by the judge in coming to his conclusion, and he found against it ; and we cannot say, under the facts in the record, that he erred in his finding.

*Judgment affirmed.*